VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Denis A. Rivera,
Plaintiff,

Civil Case #No. 7:16CV00346

V.

Randall C. Mathena, Et Al,
Defendant(S).

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 22 2016
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

** U.S.C. #42/1983 - Civil Complaint **

I, Plaintiff Denis A. Rivera, (#1125686) Pro Se hereby filed this Civil Rights Action 42 U.S.C. §1983 alleging the following violations to his:

#1.) 8th Amendment - Cruel and Unusual Punishment.

#2.) 14th Amendment - Due Process and Equal Protection Rights.

** A. Jurisdiction **

#1. Jurisdiction is proper in this Court pursuant to 42 U.S.C. §1983 §§ 1331 and 1343 (a)(3). Plaintiff claims for injuctive relief are authorized by 28 U.S.C. § 2283-84 as well as Rule 65 of the federa Rules of Civil Procedure. All named Defendants acted under color of state law at all relevant times to this Complaint.

# ** PARTIES **

#2.) Plaintiff - Denis A. Rivera, (#1125686), Is a Virginia State Prisoner. His present address is Red Onion State Prison, P.O. Box 1900, Pound, VA 24279.

#3.) Defendant - Randall C. Mathena was the Warden at R.O.S.P. when the alleged violations described herein took place. Sued in his individual and official capacities.

#4.) Defendant - Earl Barksdale is the current Warden at R.O.S.P. and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#5.) Defendant - Amee B. Duncan is the current Unit Manager of C-Buildings at R.O.S.P. and was such when the alleged violations described herein took place. Sued in her individual and official capacities.

#6.) Defendant - Harold W. Clarke is the current Director of the VA. Dept. of Corr. and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#7.) Defendant - Marcus Elam is the current Regional Administrator and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#8.) Defendant - Curtis L. Parr is the current Regional Obudsman and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#9.) Defendant - Stacey Day is a Lieutenant at R.O.S.P. and was such when the violations described herein took place. Sued in his individual and official capacities.

#10.) Defendant — John Messer is a Sergeant at R.O.S.P. and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#11.) Defendant — Christopher Gilbert is a Lieutenant at R.O.S.P. and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#12.) Defendant — Dwayne Turner was the Unit Manager at R.O.S.P. C-Buildings when the alleged violations described herein took place. Sued in his individual and official capacities.

#13.) Defendant — H. Brewer was a correctional officer at R.O.S.P. when the alleged violations described herein took place. Sued in his individual and official capacities.

#14.) Defendant — Day was a correctional officer at R.O.S.P. when the alleged violations described herein took place. Sued in his individual and official capacities.

#15.) Defendant — Stephens is a current correctional officer at R.O.S.P. and was when the alleged violations described herein took place. Sued in his individual and official capacities.

#16.) Defendant — Williams was a correctional officer at R.O.S.P. when the alleged violations described herein took place. Sued in his individual and official capacities.

#17.) Defendant — Docketry was a correctional officer at R.O.S.P. when the alleged violations described herein took place. Sued in his individual and official capacities.

#18.) Defendant – James Mullins is a current correctional officer at R.O.S.P and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#19.) Defendant – Christopher Deel is a current correctional officer at R.O.S.P and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#20.) Defendant – Clinton Deel is a current Sergeant at R.O.S.P. and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

#20.) Defendant – Ramey is a current correctional officer at R.O.S.P. and was such when the alleged violations described herein took place. Sued in his individual and official capacities.

## ** Nature Of Action **

#21.) Plaintiff is alleging that the Defendants John Messer, H. Brewer, Day, Stephens, Williams, Docketry, James Mullins, Christopher Deel, Clinton Deel and Ramey violated Plaintiff's 8th and 14th Amendments of the U.S. Constitution when they subjected Plaintiff to Cruel and Unusual Punishment violating Plaintiff's Due Process and Equal Protection Rights when they denied/refused to provide Plaintiff with outside recreations (i.e. fresh air and exercise) and shower(s)/sanitation, which is also a requirement of prison policy Operating Procedure 861.3 (Special Housing).

See attached hereto Exhibit #1 (page 7 § IV-E13(B) and page 8 IV-E18(A)). The same requirements had been established in the O.P. 861.3 (Special Housing) policy of 2014, which Plaintiff will label Exhibit #2 when Plaintiff obtains copy as soon as possible for this court.

#22.) Plaintiff is alleging that Defendants Randall C. Mathena (Former Warden) and Earl Barksdale (Current Warden) are also violated Plaintiff's 8th and 14th Amendments because as Wardens of R.O.S.P. when such violations occurred are responsible for the daily operational activities and did not do nothing but uphold such violations.

Note: Defendant Earl Barksdale still has not done nothing to stop such violations, he is allowing such violations to continue.

#23.) Plaintiff is alleging that Defendants Amee B. Duncan (Current Unit Manager of C-Building), Dwayne Turner (Former Unit Manager of C-Building), Stacey Day (Former Lieutenant of C-Building), Christopher Gilbert (Current Lieutenant of C-Building) also violated Plaintiff's 8th and 14th Amendments because as the Building Unit Managers and Lieutenants when such violations were/are responsible for the daily operational activities in C-Building was and is still being housed. The Defendants did not do nothing to stop such violations.

Note: Defendants Amee B. Duncan and

Christopher Gilbert still have not done nothing. They are allowing such violations to continue.

#24.) Plaintiff is alleging that Defendants Marcus Elam (current Regional Administrator) and Curtis L. Parr (current Regional Obudsman) also violated Plaintiff's 8th and 14th Amendments because knowing/aware of O.P. 861.3 (Special Housing) policy and having power to make a determination to change by ordering R.O.S.P. staffs to stop such violations did not do nothing but uphold such violations themselves. They are allowing such violations to continue.

## **CAUSE OF ACTION**

#25.) Plaintiff whom had been and continues to be housed in Solitary Confinement (so-called Segregation) for years and was housed in such conditions in 2014 when his outside recreation exercises and showers were being denied in June, July and August of 2014 was housed in C-Building C-2 Pod Segregation Unit. Plaintiff's outside recreation exercises and showers were, and are still being, denied for no reason at all because Plaintiff at no time was, or has been, disruptive or in any way violated any prison policy.

#26.) On the following dates Plaintiff's showers and/or outside recreation exercises were denied

for no reason: 6/20/14 outside recreation exercise, 6/21/14 outside recreation exercise and shower by Sergeant E. Miller, 6/22/14 outside recreation exercise, 6/24/14 shower by Baker, 6/26/14 shower by Sgt. E. Miller, 6/27/14 outside recreation exercise by Sgt. J. Messer (Defendant), 6/28/14 outside recreation exercise by Sgt. C. Deel (Defendant) and shower also, 6/29/14 outside recreation exercise by Sgt. J. Messer (Defendant), 7/01/14 outside recreation exercise and shower, 7/03/14 outside recreation exercise and shower by Lt. C. Gilbert (Defendant), 7/04/14 outside recreation exercise by Stephens (Defendant), 7/05/14 outside recreation exercise and shower by Jones, 7/06/14 outside recreation exercise, 7/08/14 outside recreation exercise and shower, 7/10/14 outside recreation exercise and shower, 7/11/14 outside recreation exercise by Sgt. C. Deel (Defendant). And this had been going on before the above stated dates also.

#27.) Due to the fact that Plaintiff's showers and outside recreation exercises were constantly continuous to being denied in June and July of 2014 for no reason at all, Plaintiff filed another Informal Complaint on July /2014 that R.O.S.P. Grievance Coordinator stated to have received, and process, on July 24/2014 and number #ROSP-14-Inf-01531 (see attached hereto Exhibit #3 (The Complaint Receipt).

#28.) On August 7/2014 Plaintiff filed a Grievance attached with the above stated Complaint #ROSP-14-Inf-01531 (see attached hereto Exhibit #3 the Certificate Of Service). The R.O.S.P. Grievance Coordinator stated to have received the Grievance

and the Complaint #01531 on August 12/2014 and was process on that date (8-12-14) and number ROSP-14-REG-00376 (see attached hereto Exhibit #3 the Grievance Receipt). Plaintiff Complaint about the continuous denial of his outside recreation exercises and showers on the following dates by the named Defendants: 7/12/14 outside rec. exercise and shower by Def. H. Brewer, 7/13/14 outside rec. exercise by Def. Day, 7/15/14 outside rec. exercise and shower by Def. Williams, 7/17/14 outside rec. exercise and shower by Def. John Messer, 7/18/14 outside rec. exercise and 7/19/14 outside rec. exercise and shower by Def. Stephens, 7/20/14 outside rec. exercise by Def. Docketry, 7/22/14 outside rec. exercise and shower by Def. John Messer, 7/24/14 outside rec. exercise and shower by Def. Stephens, 7/25/14 outside rec exercise by Def. John Messer, 7/26/14 outside rec exercise and shower by Def. Clinton Deel, 7/27/14 outside rec. exercise by Def. H. Brewer, 7/29/14 outside rec. exercise and shower by Def. Stephens, 7/31/14 outside rec. exercise and shower by Def. H. Brewer, 8/02/14 outside rec. exercise and shower and 8/03/14 outside rec. exercise by Def. Stephens, 8/05/14 outside rec. exercise and shower by Def. John Messer, 8/07/14 outside rec. exercise and shower by Def. Docketry. Plaintiff had stated that it was an ongoing issue that his outside rec. exercises and showers were taken/refused. The Grievance was also unfounded.

#29.) On September 4/2014 Plaintiff filed an appeal to the Regional Director's Office (i.e. Regional Administrator) (see attached hereto Exhibit #3 the Certificate of Service) in which Plaintiff complaint about his outside

Rec. exercises and showers being denied on the above stated dates by the stated Defendants and added the following dates that his outside rec. exercises and shower continued to be denied: On 8/08/14 outside rec. exercise by Def. John Messer, 8/09/14 outside rec. exercise and shower by Def. Clinton Deel, 8/10/14 outside rec. exercise by Def. John Messer.

#30.) Plaintiff did not received back a respond nor the documents (i.e. Complaint #01531 and Grievance #00376) that he had attached with his appeal, so Plaintiff filed another appealed on Nov. 8/2014 stating that he had not received a respond back and stated dates that his outside rec. exercises and showers were refused by stated Defendants (see attached hereto Exhibit #3 the certificate of service and two (2) pages attached to it). Defendant Curtis L. Parr

#31.) On March 23/2016 whiled housed in C-Building C-1 Pod Plaintiff filed a Complaint #ROSP-16-Inf-00495 (see attached hereto Exhibit #4) due to the fact that Defendant John Messer had denied his outside rec. exercises and shower on the following dates: On 3/19/16 shower, 3/20/16 outside rec. exercise, 3/23/16 outside rec. exercise. The Complaint was responded by the same Defendant.

#32.) On April 3/2016 Plaintiff filed a Grievance #ROSP-16-REG-00122 attached with the Complaint #00495. Plaintiff continued to Complaint about his outside rec. exercises and showers being denied by Def. John Messer and added the following dates also: On 3/24/16 outside rec. exercise,

and shower, 3/29/16 outside rec. exercise and shower, 4/01/16 and 4/03/16 outside rec. exercises. Plaintiff stated that he would inform the courts. Def. Earl Barksdale unfounded Plaintiff's Grievance (see attached hereto Exhibit #4) even though Plaintiff had stated that Def. John Messer has been denying his recreation and showers for no reason.

#33.) On May 9, 2016 Plaintiff filed a three page (#1-#4) Appeal to the Regional Administrator (see attached hereto Exh. #4). Plaintiff continue to Complaint and that on April 15/16 he had spoken to Def. E. Barksdale about Def. John Messer denied his outside rec. exercises and showers along with other guards that Plaintiff has a Medical Condition. (Skin Infection (rash) bacteria) that requires for Plaintiff to take his shower because Plaintiff has to applied the medication prescribed (i.e. Selenium Sulfide) by the Doctor for washing in showers on Tuesday (T), Thursday (THU) and Saturday (SAT.) (see attached hereto Exh. #4 the Doctor's notes, Pl. made two arrows for this court to see).

#34.) Plaintiff also stated in his Appeal that on April 6, 2016 and April 11, 2016 he had spoken to Def. Amee B. Duncan about his skin infection and Def. J. Messer denying his recreations and showers. On April 16, 2016 Def. Ramey denied Plaintiff's shower, on April 12, 2016 Def. James Mullins denied Pl. with his outside rec. exercise and shower. On April 19, 2016 Plaintiff again spoke to Def. Amee B. Duncan. On April 29/2016 Def. C. Deel denied Plaintiff's shower. That once again on May 5, 2016

Plaintiff had spoke to Defendant Earl Barksdale about his showers still being denied despite the fact that Plaintiff had spoke to Def. Amee B. Duncan several times and shown her the Doctor's note. the Appeal was unfounded on 5/18/16 by Def. Marcus Elam (see attached hereto Exhibit # 4).

#35.) Plaintiff filed on April 17/16 Complaint #ROSP-16-Inf-00678 about the fact that Def. Ramey had denied Plaintiff his shower on 4/16/16 despite talkin to Def. E. Barksdale (present was Def. Amee Duncan and Def. John Messer) the day before on 4/15/16 about Plaintiff's Medical Condition that requires for him to shower. (see attached hereto Exhibit #5). the Complaint was responded back by Def. Amee B. Duncan.

#36.) On May 17/2016 Plaintiff filed a Grievance attached with Complaint #00678 (see attached hereto Exhibit #5) stating that Def. Ramey had denied his shower when taking the list due to retaliation for filing Complaint #ROSP-16-Inf-00568 (Pl. will obtain copy and send it to this court) for denying Plaintiff's shower also on 4/2/16. The Grievance was not process by R.O.S.P. Grievance Coordinator. Plaintiff filed his appeal on May 26/2016 to the Regional Ombudsman, whom upheld such violations of Plaintiff's 8th and 14th Amendments (see attached hereto Exhibit #5).

#37.) On May 11, 2016 whiled housed in C-Building C-2 Pod Plaintiff filed another Complaint #ROSP-16-Inf-00838 stating that Plaintiff have spoken and shown Defendants Earl Barksdale and Amee B. Duncan the Doctor's notes that requires for

Plaintiff to shower three times a week and wash the prescribed medication that Plaintiff's showers are still being denied for no reason. Plaintiff Complaint that on April 29/16 Def. Christopher Deel refused his shower, that on May 1/16 Def. John Messer refused his shower. The Complaint was responded by Def. C. Gilbert.

#38.) On May 26/16 Plaintiff filed a Grievance attached with Complaint #00838. Plaintiff also stated in the Grievance that Defendants James Mullins, Clinton Deel and John Messer continued to refused his showers on 5/13/16, 5/15/16 and 5/18/16, that the officers and Defendants E. Barksdale and A. Duncan are being Deliberate Indifference to his Medical matters and violating O.P. 861.3 § V-E13(6). The Grievance Coordinator Jennifer B. Messer refused to process Plaintiff's Grievance. On June 5/16 Plaintiff filed an Appeal that was filed to the Regional Ombudsman. Def. Curtis L. Parr upheld such violations on June 8/2016. As soon as Plaintiff obtain copies of this Grievance, the Appeal and Complaint #00838 Plaintiff will label it as Exhibit #6 and send it to this court. Plaintiff was unable to wash/shower for one week despite his Medical needs.

#39.) Plaintiff for years has had an ongoing Medical problem with Skin infection bacteria that requires him to take a shower so that it goes away and not spread. Plaintiff's showers and outside rec. exercise are still being denied for no reason. Examples: On June 24/16 shower by Def. J. Messer June 25/16 outside rec. exercise by Def. J. Messer,

June 26/16 shower and outside rec. exercise by Def. J. Messer, June 29/16 shower and outside rec. exercise by Def. J. Messer.

## **CLAIMS FOR RELIEF**

#40.) The actions and/or inactions by the named Defendants when they subjected Plaintiff to Cruel and Unusual Punishment and Deliberate Indifference to his medical need when they denied Plaintiff's outside rec. exercises and showers violated Plaintiff's 8th and 14th Amendments.

#41.) The failure to enforce the prison policy O.P. 861.3 (Special Housing) to give Plaintiff his one (1) hour five (5) days a week and three (3) showers a week whiled housed in Solitary Confinement (i.e. Segregation) violated Plaintiff's 8th and 14th Amendments.

#42.) The unfounded approval by the named Defendants by not acting during the exhaustion of Plaintiff's Administrated Remedies violated Plaintiff's 8th and 14th Amendment.

## **INJURIES**

#43.) Due to the actions and/or inactions of the aboved named Defendants the Plaintiff has sustained the following injuries:

A: Re-appearance of fungal infection (i.e. skin infection/bacteria)

B: Emotional/Mental Deterioration

C: Lack of Energy/Depression

D: Lack of Sleep
E: Headaches
F: Loss of appetite

## **REQUEST FOR RELIEF**

Wherefore the Plaintiff hereby requests this Court grant Plaintiff the following Relief:

#1.) Permanent Injuction: A. Ordering that the named Defendants be terminated from employment so that other prisoners stop suffering as well. B. Ordering that policy O.P. 861.3 (Special Housing) in regards to Plaintiff receiving his three (3) showers a week and One (one) (1) hour of outside Rec. exercises five (5) times a week. C. Ordering that Plaintiff be transfer off of R.O.S.P.

#2.) Nominal Damages: In the amount of $500.00 Jointly and severally against each Defendant for the violation of Plaintiff U.S. Constitutional Rights.

#3.) Compensatory Damages: In the amount of $30,000 (i.e. $30,000.00) Jointly and severally against each Defendant for mental/emotional and physical injuries and pain sustained (past, present and future) as a result of Defendants violations of the Plaintiff's U.S. Constitutional Rights.

#4.) Punitive Damages: In the amount of $30,000.00 Jointly and severally against each Defendant for their blatant, willful, sadistic actions taken against the Plaintiff to curb any future violations Defendants may wish to act upon and to set an example.

#5.) Plaintiff also requests this Court order Defendants of this action to pay for the costs/fees of Court/litigation as well as provide whatever relief this court may find necessary and/or fair.

July 17/2016

Respectfully Submitted,

[signature]

Denis A. Rivera

## Declaration Under Penalty of Perjury

By signing below I hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 that I am the Plaintiff, have read the foregoing action. That the information contained herein is true and correct, except as to that which is stated to be upon belief and as to that I believe said information to be true and correct as well. Executed at Wise County, Virginia on the date of July 17/2016.

[signature]

Denis A. Rivera

# ** Certificate Of Service **

I, Plaintiff Denis A. Rivera, (#1125686) Pro Se hereby certifies that on this 17 day of July 2016. I did in fact mailed via first - class mail a #42 U.S.C. 1983 Complaint in reg. to denial of exercises (i.e. outside recreations) and showers. 15 pages #42 U.S.C. 1983 - Civil Complaint attached with Exhibits #2, #3, #4 and #5 totaling 30 pages. Two (2) page Motion for Informa Pauperis.

given to C/o Corbett

To:

U.S. District Court
Office of the Clerk
210 Franklin Road, SW, Ste. #540
Roanoke, VA 24011

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 17 day of July, 2016 in the City of Wise County, Virginia.

[signature]

Denis A. Rivera