Denis A. Rivera
River North Prison
329 Dellbrook Lane
Independence, VA 24348

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 09 2020
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

November 2, 2020

To: Judge Ms. Pamela M. Sargent
U.S. District Court
Office Of The Clerk
210 Franklin Road, RM Suite 540
Roanoke, VA 24011

Re.: Settlement Agreement in Civil
Action No.: 7:16-cv-00346-JPJ-PMS

Dear Judge Sargent,

Pray that this honest letter finds you well. I have enclosed hereto two copies of the settlement agreement document that I had spoken to you about on the letter dated Oct. 28, 2020. On Oct. 15, 2020 the date of the mediation I was caught in bad timing suffering from stress, depression, lack of sleep and concentration, hallucinations, so on and so on and to top it off I was being housed in solitary confinement/segregation.

#1.                    Cont. On #2

But if I recall correctly you clearly stated, when Mr. Fishwick asked if we needed to write it on a document or record the settlement agreement, "no," because you are the witness. You know that I will always respect you and I would like everyone to respect my word when I give it. Let me explain. I spoke briefly with Mr. Fishwick on Friday Oct. 30, 2020 about the settlement agreement document. He told me that the wording is fine to signed it and send it to him. The problem that I see if I signed the document how it's written/type I would be lying because I'm no longer housed in Restrictive Housing Unit/Solitary Confinement. I also believe through my own harsh living experience in segregation that a whistle should be blown loud and a announcement alerting prisoners that outside recreation exercise and shower list is being taken (will be taken) should be made by the Sergeant or an above supervisor, as it is already being done in other prisons. I have enclosed a copy of a Memo dated November 15, 2011 that was from Def. R. Mathena. This can serve as an example into making

#2.    Cont. On #3

Cont. from 2nd

a working policy for prisoners and guards. And I also believe the guards should asked verbally to the prisoners if they want outside recreation exercise and shower.

I also asked my counselor to check for me today if that 135 charge for solicitation had been expunge from my record, she stated no after checking the computer. Also the settlement agreement document was send to her, my Counselor Ms. Erica Jo Greger, via fax by the Assistant Attorney General Mr. Richard Vorhis. Is my understanding that she read it and told the context of the settlement agreement to several guards. I still need your guidance Judge Sargent in regards to this settlement agreement document. Thank You.

Sincerely Respectfully,

Denis A. Rivera

# 3.



# COMMONWEALTH of VIRGINIA

Randall C. Mathena, Warden
Phone: (276)796-7510
Fax: (276)796-7531

*Department of Corrections*

**RED ONION STATE PRISON**

P.O. Box 970
Pound, Virginia 24279

HRO : ext. 2003
Bus. Office: ext. 2014
Bus. Fax: (276)796-7534

"Recognizing Our Staffs' Participation & Performance"

November 15, 2011

To:    All Security Staff
       All Segregation Inmates

From:  Warden Mathena

**SUBJECT: SHOWERS AND RECREATION LIST**

Effective Monday, November 28, 2011 the following procedure will be used to take up the Segregation Recreation and Shower List:

- Recreation/Shower list will be taken up by a Supervisor or acting Supervisor.
- Recreation/Shower list will be taken up at *approximately* 6:15 am to 7:00 am each morning.
- The Supervisor will enter the pod and give an audible (Example: blow whistle) announcement that the recreation/shower list is beginning.
- At this point, it is the inmate's responsibility to be alert to respond to the Supervisor on his desire for Recreation/Shower as the Supervisor goes around in pod. It is not the Supervisors responsibility to wake up inmates to ask them about Recreation/Showers. Supervisors will not be available for inmate questions during the time the list is being taken up.
- Once the list is taken up, the Supervisor will assign staff to pull recreation/showers from the list per the Supervisors instructions. The list cannot be changes by the Officers without a Supervisors approval.
- Inmates cannot choose recreation/showers locations or times. This will be assigned by the Officers/Supervisors.

It should be noted, <u>if an inmate become disruptive during the pulling of recreation or showers, the inmate's behavior will be noted and marked as refused. Staff should complete the appropriate paper work per policy.</u>

By using this procedure, it will ensure we consistently manage recreation/showers in a fair and consistent manner to all involved.

*Read in Muster and place in Post Orders
*Place in the inmate Handbook.

## SETTLEMENT AGREEMENT

This agreement is entered into by the parties, Plaintiff Denis Rivera #1125686, and Defendants Randall C. Mathena, E. Barksdale, A. Duncan, H. Clarke, M. Elam, C. Parr, Lt. Stacy Day, J. Messer, C. Gilbert, D. Turner, Officer Stephens, J. Mullins, Christopher Deel, Clinton Deel, Cody Dockery, Officer Ramey, and M. Williams (hereinafter collectively referred to as VDOC) in their individual and official capacities and is for the purpose of settling all claims in *Denis Rivera v. Randall C. Mathena et al*, Civil Action No. 7:16cv346. This Settlement Agreement resolves all claims and attendant relief.

During the pendency of this case after remand from the Fourth Circuit Court of Appeals, Plaintiff has been represented by counsel John P. Fishwick, Jr. and Defendants have been represented by counsel Richard C. Vorhis.

WHEREAS the parties to this agreement wish to settle all claims and disputes arising out of this litigation; and

WHEREFORE, in consideration of the mutual promises set forth below, the parties agree as follows:

[handwritten: Don't remember talking about this part]

1.  Without admitting liability, VDOC agrees to pay to Plaintiff within 60 days of the date of this settlement, the sum of $5,000.00. This sum is inclusive of all attorney fees and costs. The check will be deposited in Plaintiff's inmate account with notice to Plaintiff's counsel.

2.  As soon as possible after the signing of this agreement, VDOC agrees to expunge the October 20, 2020 disciplinary charge of solicitation for which he had been convicted in absentia.

3.  As soon as reasonably possible, VDOC will draft a change in system wide policy to make a whistle [handwritten: and] announcement alerting offenders who are in segregation to the beginning of the officer round [handwritten: supervisor (sgt.)] to determine which offenders desire to participate in outside recreation and/or take a shower. Counsels will agree on the language of a notification of such change in policy which will then be posted in each housing area in all segregation units. The notification shall remain posted for thirty days. Counsel for Defendants and Plaintiff will agree on the language of a joint press statement announcing this change in policy.

[handwritten: Plaintiff is housed in B-4 the Kitchen Pod]

4.  Plaintiff currently resides in a Restrictive Housing Unit at River North Correctional Center. VDOC agrees to move Plaintiff to either the Kitchen B-1 Unit or one of the two Honor Pods at River North Correctional Center as soon as a cell space becomes available and there is a compatible match of a cell mate.

5.  In consideration of the mutual promises, covenants and undertakings described herein, Denis Rivera, who is of lawful age and competent to enter into this Agreement, and his predecessors, successors, assigns, agents, heirs, executors, administrators, and

representatives, hereby release all of the named Defendants, and their respective predecessors successors, assigns, agents, heirs, executors, administrators, and representatives, from all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, expenses (including, but not limited to, attorney fees and costs), damages, actions and causes of action, of whatsoever kind or nature, under any theory of law, whether now known or unknown, suspected or unsuspected, previously asserted or presently unasserted, fixed or contingent, which he had, now has, or may have based on, or arising out of, the facts alleged in Civil Action No. 7:16cv346.

5.  This is the entire agreement between Plaintiff and VDOC and shall be modified only in writing.

6.  Plaintiff and VDOC voluntarily enter into this agreement. No promises have been made by, or to, either Plaintiff or Correctional Defendants, except as explicitly stated herein. The undersigned parties acknowledge that they have read this Agreement, that they have reviewed its terms with their respective counsel, and that they understand and agree to its terms.

7.  Both parties acknowledge that in reliance on the agreement reached in principle during the mediation, Civil Action No. 7:16cv346 has already been dismissed.

**Entered:**

_____
Denis Rivera #1125686
*Plaintiff*

_____
John P. Fishwick, Jr., Esq.
Counsel for Plaintiff

_____
Richard C. Vorhis, SAAG
Counsel for Defendants

## SETTLEMENT AGREEMENT

This agreement is entered into by the parties, Plaintiff Denis Rivera #1125686, and Defendants Randall C. Mathena, E. Barksdale, A. Duncan, H. Clarke, M. Elam, C. Parr, Lt. Stacy Day, J. Messer, C. Gilbert, D. Turner, Officer Stephens, J. Mullins, Christopher Deel, Clinton Deel, Cody Dockery, Officer Ramey, and M. Williams (hereinafter collectively referred to as VDOC) in their individual and official capacities and is for the purpose of settling all claims in *Denis Rivera v. Randall C. Mathena et al*, Civil Action No. 7:16cv346. This Settlement Agreement resolves all claims and attendant relief.

During the pendency of this case after remand from the Fourth Circuit Court of Appeals, Plaintiff has been represented by counsel John P. Fishwick, Jr. and Defendants have been represented by counsel Richard C. Vorhis.

WHEREAS the parties to this agreement wish to settle all claims and disputes arising out of this litigation; and

WHEREFORE, in consideration of the mutual promises set forth below, the parties agree as follows:

1.      Without admitting liability, VDOC agrees to pay to Plaintiff within 60 days of the date of this settlement, the sum of $5,000.00. This sum is inclusive of all attorney fees and costs. The check will be deposited in Plaintiff's inmate account with notice to Plaintiff's counsel.

2.      As soon as possible after the signing of this agreement, VDOC agrees to expunge the October 20, 2020 disciplinary charge of solicitation for which he had been convicted in absentia.

3.      As soon as reasonably possible, VDOC will draft a change in system wide policy to make a whistle or announcement alerting offenders who are in segregation to the beginning of the officer round to determine which offenders desire to participate in outside recreation and/or take a shower. Counsels will agree on the language of a notification of such change in policy which will then be posted in each housing area in all segregation units. The notification shall remain posted for thirty days. Counsel for Defendants and Plaintiff will agree on the language of a joint press statement announcing this change in policy.

4.      Plaintiff currently resides in a Restrictive Housing Unit at River North Correctional Center. VDOC agrees to move Plaintiff to either the Kitchen B-1 Unit or one of the two Honor Pods at River North Correctional Center as soon as a cell space becomes available and there is a compatible match of a cell mate.

5.      In consideration of the mutual promises, covenants and undertakings described herein, Denis Rivera, who is of lawful age and competent to enter into this Agreement, and his predecessors, successors, assigns, agents, heirs, executors, administrators, and

representatives, hereby release all of the named Defendants, and their respective predecessors successors, assigns, agents, heirs, executors, administrators, and representatives, from all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs, expenses (including, but not limited to, attorney fees and costs), damages, actions and causes of action, of whatsoever kind or nature, under any theory of law, whether now known or unknown, suspected or unsuspected, previously asserted or presently unasserted, fixed or contingent, which he had, now has, or may have based on, or arising out of, the facts alleged in Civil Action No. 7:16cv346.

5.   This is the entire agreement between Plaintiff and VDOC and shall be modified only in writing.

6.   Plaintiff and VDOC voluntarily enter into this agreement. No promises have been made by, or to, either Plaintiff or Correctional Defendants, except as explicitly stated herein. The undersigned parties acknowledge that they have read this Agreement, that they have reviewed its terms with their respective counsel, and that they understand and agree to its terms.

7.   Both parties acknowledge that in reliance on the agreement reached in principle during the mediation, Civil Action No. 7:16cv346 has already been dismissed.

**Entered:**


_____
Denis Rivera #1125686


_____
John P. Fishwick, Jr., Esq.
Counsel for Plaintiff


_____
Richard C. Vorhis, SAAG
Counsel for Defendants

## Certificate Of Service

I, Plaintiff, Denis A. Rivera, hereby certifies that on this 2nd day of November 2020 I did in fact mailed via first-class mail a three (3) page letter in regards to the Settlement Agreement in Civil Action No.: 7:16-CV-00346-JPJ-PMS and enclosed are the settlement agreement document and a Memo of November 15, 2011.

State of Virginia
County of Grayson
On this 2nd day of November 2020
before me personally appeared _____
to me known to be the person who executed the foregoing instrument, and acknowledged that the execution was of his/her free act and deed.
SEAL (signed) Erica Jo Creger
NOTARY PUBLIC

I certify that this notary is not a party to this action.
_____ (inmate)

To: Judge Mrs. Pamela M. Sargent
U.S. District Court
Office Of The Clerk
210 Franklin Road, RM
Suite 540
Roanoke, VA 24011

Sworn to and subscribed before me in my presence this 2nd day of November 2020

Notary Public:
Erica Jo Creger

ERICA JO CREGER
NOTARY PUBLIC
REG. #7788119
MY COMMISSION EXPIRES 8/31/2022
COMMONWEALTH OF VIRGINIA

Certificate

I, Plaintiff, Demico Briggs, hereby certify that on 3 November 2020, I did in fact first-class mail in total 31 pages in regards to the Statement of Agreement in the Active No. 7:16-cv-00346-JPJ-PMS and Civilly Case No. CL06001286-00 Agreement discovered on November 13, 2011.

To:
Judge Hon Pamela M. Sargent
U.S. District Court
Office of the Clerk
210 Franklin Road SW
Suite 540
Roanoke, VA 24011

Sworn to, and subscribed before me in my presence this ____ day of _____

_____
Notary

[Notary Seal: ERICA JO CREGER, NOTARY PUBLIC, REG. # 7738113, MY COMMISSION EXPIRES, COMMONWEALTH OF VIRGINIA]

RECEIVED NOV 09 2020 USDC Clerk's Office Mail Room

Denia L. Rivera (#1125686)
River North Correction
329 Dellbrook Lane
Independence, VA 24348

VA DOC NEITHER CENSORED NOR INSPECTED
THIS ITEM AND ASSUMES NO
RESPONSIBILITY FOR ITS CONTENTS
GREENSBORO NC 270
PIEDMONT TRIAD AREA
6 NOV 2020 PM 6 L

To: Judge Ms. Pamela M. Sargent
U.S. District Court
Office Of The Clerk
210 Franklin Road, RM
Suite 540
Roanoke, VA 24011